# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN E. MURRAY                            :
                                          :
      Plaintiff,                         :
                                          :
v.                                        :
                                          :  CIVIL ACTION NO. 12-6527
CAROLYN W. COLVIN,                        :
Acting Commissioner of Social Security,   :
                                          :
      Defendant.                         :
                                          :
                                          :

YOHN, J.                                                                                                  August 1, 2013

## MEMORANDUM

Plaintiff, John E. Murray brings this action under 42 U.S.C. § 405(g), seeking judicial review of the decision of the Commissioner of Social Security (the "Commissioner") denying his claim for disability insurance benefits under Title II of the Social Security Act (the "Act"). I referred the matter to a magistrate judge, who submitted a report and recommendation recommending that I deny summary judgement to plaintiff, but remand for the taking of testimony from a vocational expert. Defendant objected to the magistrate judge's report and recommendation of remand. For the following reasons I will overrule defendant's objection and remand this case to the Commissioner to consider evidence of nonexertional limitations.

## I.    BACKGROUND

On April 24, 2010, Murray applied for disability insurance benefits, alleging that he had been disabled since June 13, 2007, because of limitations in his right ankle. (R. 115). Murray's application for benefits was denied on August 27, 2010. (R. 49.) Subsequently, Murray requested a hearing *de novo* before an Administrative Law Judge ("ALJ"). (R. 54.) The ALJ conducted the hearing on June 22, 2011, at which he received testimony from Murray who was represented by

counsel. (R. 24.) On July 28, 2011, the ALJ issued a written decision denying benefits. (R. 13.) Murray filed a timely request for review, but the Appeals Council denied Murray's request and permitted the ALJ's decision to stand as the final decision of the Commissioner. (R. 1.)

After the Commissioner's denial, Murray filed a complaint with this court for review of the final decision denying benefits. In his motion for summary judgement or remand, Murray contends that the ALJ assigned to his case erred in three respects: (1) the ALJ should have found Murray to meet or medically equal Listing 1.02, *see* 20 C.F.R. Pt. 404, Subpt P, App. 1 § 1.02, which would have required a finding of "disabled", and also should have scheduled a medical expert to testify regarding this issue; (2) the ALJ improperly relied on the Medical-Vocational Guidelines ("Grids"); and (3) the ALJ improperly found that Murray's subjective complaints were not entirely credible. (Pl.'s Mot. for Summ. J. or Remand (Pl.'s Mot.) at 10, 15, 19.)

The magistrate judge concluded that the ALJ did not err in finding that Murray did not meet or equal listing 1.02 and medical expert testimony was not required for that issue; however, he determined that the ALJ improperly relied on the Grids to determine if plaintiff is disabled. (Report & Recommendation at 5, 8.) Accordingly, the magistrate judge recommended remand for taking of testimony from a vocational expert. (*Id.*) The magistrate judge did not explicitly discuss plaintiff's argument that the ALJ did not give appropriate weight to Murray's subjective complaints.

Plaintiff made no objections to the magistrate judge's report and recommendations. Defendant objected to the magistrate judge's recommendation that the ALJ's reliance solely on the Grids was in error and that the case should be remanded for testimony from a vocational expert. (Objections to the Report & Recommendation of the Magistrate ("Def.'s Objections") at

2.)

## II. STANDARD OF REVIEW

When evaluating a claim for disability, the Commissioner conducts a five-step sequential analysis as codified in the regulations. 20 C.F.R. § 404.1520; *see also Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007). The Commissioner determines (1) whether the claimant engaged in "substantial gainful activity" during the alleged period of disability; (2) whether the claimant has a severe physical or mental impairment that significantly limits his or her ability to perform basic work activities; (3) whether the impairment meets or is medically equivalent to one of the "listed impairments" in appendix 1 of the regulations; (4) whether the claimant has the "residual functional capacity" to perform "past relevant work"; and (5) whether, given the claimant's residual functional capacity, age, education, and work experience, the claimant can perform "other work" in the national economy. 20 C.F.R. § 404.1520(a)(4); *see also Poulos*, 474 F.3d at 91-92.

A district court's review of the Commissioner's decision is deferential. A district court may review the Commissioner's "factual findings only to determine whether the administrative record contains substantial evidence supporting the findings." *Allen v. Barnhart*, 417 F.3d 396, 398 (3d Cir. 2005). As the Supreme Court has explained, "[s]ubstantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "Despite the deference to administrative decisions implied by this standard, [] courts retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commisioner's] decision is not supported by

substantial evidence." *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981).

I review *de novo* the parts of the magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1)(C). I may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

## III. DISCUSSION

As no party has objected to the magistrate judge's recommendation that the ALJ did not err in finding that the plaintiff did not meet or equal listing 1.02, I will affirm the Commissioner's ruling that plaintiff did not meet or equal listing 1.02. Accordingly, plaintiff's request for summary judgment or remand on this issue will be denied.

Because plaintiff made no objections to the Report and Recommendation, it is unclear if plaintiff still contends that the ALJ improperly found that Murray's subjective complaints were not entirely credible. However, because the magistrate judge did not explicitly discuss this argument, I will briefly explain why plaintiff's argument fails. "Credibility determinations as to a claimant's testimony regarding pain and other subjective complaints are for the ALJ to make." *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x. 761, 763 (3d Cir. 2009) (internal citations omitted). "However, the A.L.J. must explain the reasons for his or her credibility determinations."*Ayers v. Astrue*, 724 F. Supp. 2d 471, 479 (D. Del. 2010) (citing *Schonewolf v. Callahan*, 972 F.Supp. 277, 286 (D. N.J. 1997)). "Inconsistencies in a claimant's testimony or daily activities permit an ALJ to conclude that some or all of the claimant's testimony about her limitations or symptoms is less than fully credible." *Id*. (quoting *Garrett v. Comm'r of Soc. Sec.*, 274 Fed. Appx. 159, 164 (3d Cir.2008)).

In this case, I am persuaded that the ALJ properly discussed and analyzed plaintiff's

4

credibility with regard to his subjective complaints and there is substantial evidence to support his finding. Specifically, the ALJ based his determination on the variety of daily activities that plaintiff stated he was capable of performing and on objective medical evidence, including recent x-rays and a negative straight leg raise test. (R. at 18.) Thus, "[i]n view of the evidence presented in the record and of the ALJ's opportunity to observe the demeanor and to determine the credibility of the claimant, these findings are entitled to great weight and [will] be upheld." *Malloy*, 306 F. App'x at 765 (internal citation omitted). Therefore, plaintiff's request for summary judgement or remand regarding whether the ALJ improperly found that Murray's subjective complaints were not entirely credible will be denied.

Accordingly, the only issue left to resolve is defendant's objection to the magistrate judge's recommendation of remand for testimony from a vocational expert because of the ALJ's improper reliance on the Grids. The magistrate judge concluded that the ALJ's sole reliance on the Grids was improper in determining if plaintiff was disabled because the ALJ had found that Murray had exertional and nonexertional limitations. (Report & Recommendation at 8.) When a plaintiff suffers from nonexertional limitations, the Grids can only be used as a framework for decision making and the ALJ must rely on other evidence that plaintiff is capable of finding work, such as a vocational expert. *See* 20 C.F.R. § 404.1569a(d); *see also Sykes v. Apfel*; 228 F.3d 259, 270 (3d Cir. 2000).

In its motion, defendant contested that the ALJ found Murray to suffer from nonexertional limitations. The magistrate judge, however, disagreed with the defendant and explained that the ALJ must have concluded that Murray suffers from nonexertional limitations based on the state reviewing physician Dr. Leo P. Potera's findings of nonexertional limitations

5

and the ALJ's language in his decision discussing plaintiff's nonexertional limitations. In his written opinion the ALJ included a paragraph that stated "the claimant retains the ability to perform at least 5 separate occupations, despite his/her nonexertional limitations. Therefore it is found that the claimant's nonexertional limitations do not significantly erode the base of sedentary jobs . . . ." (R. at 20.) Additionally, the magistrate judge stated that Dr. Potera found the following nonexertional limitations: "an inability to climb, balance, stoop, kneel, crouch or crawl more than occasionally, as well as a need to avoid concentrated exposure to humidity, fumed, and hazards such as machinery or heights." (Report & Recommendation at 7.)

Defendant does not dispute that a finding by the ALJ of nonexertional limitations prevents an ALJ from relying solely on the Grids. Defendant disputes, however, that the ALJ found that Murray suffered from nonexertional limitations. Specifically, defendant asserts that the ALJ's mention of nonexertional limitations was "a typographical error" and included "inadvertently." Defendant requests that I ignore this reference and reject the magistrate judge's recommendation of remand for vocational testimony. (Def.'s Objections at 2.)

I have no basis to find that a portion of the ALJ's decision was included inadvertently and in error. Moreover, it is unclear if defendant is correct in asserting that the ALJ's mention of plaintiff's nonexertional limitations was a typographical error. Specifically, defendant argues that the ALJ's mention of nonexertional limitations must have been in error because in his decision the ALJ also stated that Murray had a "residual functional capacity for the *full* range of sedentary work." (R. at 16.) (emphasis added.) While the ALJ's conclusion that Murray had a functional capacity for the full range of sedentary work does imply that the ALJ found that Murray did not suffer from nonexertional limitations, Dr. Potera, whose testimony was accorded substantial

6

weight by the ALJ, stated that Murray had nonexertional limitations listed above. (R. at 356-59.) Additionally, as the magistrate judge noted, the ALJ never explicitly discounted or disputed Dr. Potera's finding of non-exertional limitations. (R. at 18-19.) Accordingly, it seems possible that the ALJ did mean to include the paragraph about Murray's nonexertional limitations because he agreed with Dr. Potera that plaintiff suffered from them. If this is the case, the magistrate judge correctly recommended remand for testimony from a vocational expert to discuss how plaintiff's nonexertional limitations affect his ability to work, and the ALJ must follow this direction. *See* 20 C.F.R. § 404.1569a(d); *see also Sykes,* 228 F.3d at 270. This is not to say that the ultimate decision of the ALJ will eventually be changed, only that the issue of nonexertional limitations must be properly addressed.

Even if defendant is correct that the ALJ did not intend to find that Murray suffered from nonexertional limitations, and accordingly, use of the Grids was appropriate, the issue must still be remanded because the ALJ did not discuss his decision to dismiss Dr. Potera's findings of nonexertional limitations. *See Fargnoli v. Massanari*, 247 F.3d 34, 43 (3d Cir. 2001) ("Although the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence that he rejects and his reason(s) for discounting that evidence.") (citation omitted); *see also Versace* 2002 WL 1880526, at *7 (ordering remand because the ALJ had failed to discuss objective evidence of plaintiff's nonexertional limitations."). Accordingly, even if the ALJ determined that Murray did not suffer from nonexertional limitations, on remand, the ALJ must explain his reasons for discounting Dr. Potera's finding of nonexertional limitations. Therefore, the matter will be remanded to the Commissioner for further consideration.

## IV. CONCLUSION

Defendant's objection to the magistrate judge's recommendation of remand and request that I affirm the Commissioner's decision will be overruled. I will deny summary judgement for plaintiff but remand this case to the Commissioner to consider evidence of nonexertional limitations.